UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BENITA D. APARO & MADELYN WHITESIDE,

        Plaintiffs,

v.

STARBUCKS COFFEE COMPANY,

        Defendant(s).

**COMPLAINT**

Civ. No.:

**JURY TRIAL DEMANDED**

---

## INTRODUCTION

1. This is an action brought by the Plaintiffs BENITA D. APARO & MADELYN WHITESIDE, ("Plaintiff Aparo," "Plaintiff Whiteside" or "Plaintiffs"), both members of a protected class pursuant to 29 U.S.C. § 621 et. seq., the Age Discrimination in Employment Act (hereinafter "ADEA") as amended (covers ages 40 years of age or older in employment) and the New York State Human Rights Law ("NYSHRL"), Executive Law § 290 et seq..

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 626 ( c ). The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to adjudicate Plaintiff's state law claims.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE EXHAUSTION

**1. Plaintiff Aparo**

4.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, Buffalo Local Office on April 27th, 2009 setting forth her good faith claims under the ADEA.

5.  A Right to Sue Notice was issued by the Equal Employment Office on October 21st, 2010.

6.  Less than ninety (90) days have elapsed since the Plaintiff's receipt of that Notice and the subsequent filing of the instant complaint in this matter.

**1. Plaintiff Whiteside**

7.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, Buffalo Local Office on April 27, 2009 setting forth her good faith claims under the ADEA.

8.  A Right to Sue Notice was issued by the Equal Employment Office on October 21st , 2010.

9.  Less than ninety (90) days have elapsed since the Plaintiff's receipt of that Notice and the subsequent filing of the instant complaint in this matter.

## PARTIES

10. Plaintiff Aparo is an individual female over the age of 40, born on September 5th, 1954, who was at all times relevant herein a 54 year old former employee of the defendant's 944-A Hard Road, Webster, New York store location, and a resident of the County of Monroe, State of New York.

11. Plaintiff Whiteside is an individual female over the age of 40, born on February 21st, 1949, who was at all times relevant herein a 60 year old former employee of the defendant's 2900 Monroe Avenue, Rochester, New York store location, and a resident of the County of Monroe, State of New York.

12. Upon information and belief, the Defendant STARBUCKS COFFEE COMPANY ("Defendant") is a domestic business corporation organized and existing under the laws of the State of New York.

## FACTS

**Facts Germane to Plaintiff Aparo's Claim**

13.  Plaintiff Aparo was age 54 at the time of her termination.

14.  Plaintiff Aparo had been employed by defendant since May 28th, 2004, when she was first hired in the position of "Shift Supervisor."

15.  Plaintiff Aparo's position at the time of her termination on February 25th, 2009 was "Assistant Store Manager."

16.  Plaintiff Aparo enjoyed many positive evaluations regarding her work performance and professional conduct.

17.  However, throughout the course of Plaintiff Aparo's tenure, she was passed over for promotion *no less than 16 times*, even though she was consistently rated by defendant as "ready" for promotion.

18.  In or about February 2009, Plaintiff Aparo was told that her position would be "eliminated" due to "lack of revenue."

19.  However, this assertion would prove to be false.

20. In fact, an employee under the age of 40 took over Plaintiff Aparo's former position, the very position that defendant claimed was "eliminated" due to "lack of revenue," while Plaintiff Aparo, age 54, was terminated, despite her stellar work record.

21. Defendant had no legitimate reason to terminate Plaintiff Aparo, a long time employee of the defendant with a good work record.

22. Any reason(s) proffered for Plaintiff Aparo's termination are pretextual as a matter of law, and age was in fact, the "but for" reason for Plaintiff Aparo's termination.

**Facts Germane to Plaintiff Whiteside's Claim**

23. Plaintiff Whiteside was age 60 at the time of her termination.

24. Plaintiff Whiteside had been employed by the defendant since October 1st, 2003 when she was hired as a "Barista."

25. Plaintiff Whiteside's position at the time of her termination on February 25th, 2009 was "Assistant Store Manager."

26. Plaintiff Whiteside enjoyed many good evaluations regarding her work performance and professional conduct.

27. In or about February 2009, Plaintiff Whiteside was told that her position was going to be "eliminated" due to "lack of revenue."

28. That assertion would prove to be false.

29. In fact, an employee under the age of 40 took over Plaintiff Whiteside's position, the very same position defendant claims was "eliminated" due to "lack of revenue."

30. Defendant did not have a legitimate reason for Plaintiff Whiteside's termination.

31. Any reason(s) proffered for Plaintiff Whiteside's termination are pretextual as a matter of law, and age was in fact, the "but for" reason for Plaintiff Whiteside's termination.

## FIRST CAUSE OF ACTION
## Violation of the Age Discrimination in Employment Act

32. Plaintiffs repeat and incorporate by reference the allegations stated above as if they were set forth in full herein.

33. The employment practices of defendant described above harm older employees of the defendant and favor younger employees. The practices so described are not based upon a reasonable factor other than age and are in fact the "but for" reason for the actions taken herein.

34. Defendant has purposefully engaged in age discriminatory practices with the full knowledge that in so doing it was discriminating against its older employees, without regard for the rights of those employees under the ADEA.

35. Defendant terminated Plaintiffs on account of their age, and thereby violated their right to equal employment opportunity as protected by the ADEA

36. As such, each Plaintiff is entitled to general, compensatory, and liquidated damages, as well as attorney fees under the ADEA.

## SECOND CAUSE OF ACTION
### Violation of the NYSHRL, Executive Law § 290 et seq.

37. Plaintiffs repeat and re-allege by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

38. Defendant(s), through its agents, engaged in a pattern of unlawful age discrimination based on age in that Plaintiffs were terminated, while other substantially younger employees were maintained in their place, and promoted regularly in violation of the NYSHRL, Executive § 290 et seq. This claim does not raise a novel or complex issue of law.

39. Defendant at all times relevant herein had actual and constructive knowledge of the conduct described above.

40. As a result of the discrimination perpetrated and maintained by defendant as to each Plaintiff, and their failure to protect the Plaintiffs from discrimination, the Plaintiffs suffer from emotional distress.

41. Defendant violated the NYSHRL, Executive Law § 290 et seq. by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of the defendant(s) and its agents as described above.

42.  Defendant failed to comply with their duty to take all reasonable and necessary steps to eliminate age discrimination from the workplace and to prevent it from occurring in the future.

43.  As a direct and proximate result of defendant's willful, knowing and intentional discrimination against them, Plaintiffs have suffered mental anguish, and they have suffered, and will continue to suffer, a loss of earnings and other employment benefits and job opportunities. Plaintiffs are therefore entitled to general and compensatory damages in amounts to be proven at trial.

**WHEREFORE**, Plaintiffs respectfully request the Court to enter judgment in their favor in accord with the above state causes of action.

DATED:   November 1, 2010
         Rochester, New York          By:

                                      *CHRISTINA A. AGOLA, PLLC*

                                      /s/Christina A. Agola , Esq.
                                      _____
                                      Christina A. Agola, Esq.

                                      Attorneys for Plaintiffs
                                      MADELYNN WHITESIDE
                                      BENITA D. APARO
                                      2100 First Federal Plaza
                                      28 East Main Street
                                      Rochester, New York 14614
                                      585.262.3320
                                      cagola@wnycivilrights.com